IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ELIZABETH C. KELLY,

    *Plaintiff,*

vs.

WASHBURN UNIVERSITY,

    *Defendant,*

Case No. 10-2269-EFM

**MEMORANDUM AND ORDER**

    This matter arises out of the termination of Plaintiff Elizabeth Kelly by Defendant Washburn University shortly after Plaintiff returned from medical leave under the Family and Medical Leave Act. Although Defendant contends the termination was in response to the discovery of $500 in missing funds from the office, Plaintiff alleges the termination was actually retaliation for her repeated absences from work while on medical leave. Before the Court is Defendant's Motion to Dismiss (Doc. 4). For the following reasons, the Court denies the motion.

**I. Facts**

    The following facts are taken from Plaintiff's Complaint. Defendant is a public university located in Topeka, Kansas. From November 20, 2002 through May 9, 2008, Plaintiff worked for Defendant in its business office. She began as an account clerk in 2002 and was promoted to Accountant I in July of 2003. She remained in that position until her termination in May of 2008.

From early 2007 until her termination, Plaintiff suffered from two medical conditions, fibromyalgia and chronic clinical depression. Because of these conditions, Plaintiff took medical leave under the Family and Medical Leave Act ("FMLA")[1] on four different occasions, each lasting for less than one month. The last of these medical leaves occurred from March 31 to April 11, 2008.

Nine days after returning from her final medical leave, Defendant fired Plaintiff after discovering that $500.00 was missing from the office funds. Despite accusing Plaintiff of stealing the funds, Plaintiff contends Defendant did not conduct any investigation into the cause of the missing funds nor allow her to investigate the discrepancy.

Because Defendant failed to conduct any investigation regarding the funds and Defendant did not terminate other employees in similar situations, Plaintiff contends the actual motive for her termination was retaliation for her use of protected medical leave. Based on this contention, Plaintiff has brought three distinct claims against Defendant. Plaintiff first alleges that Defendant violated the FMLA when it terminated her employment in retaliation for her taking medical leave. Plaintiff next alleges that she had an implied-in-fact contract of employment based on Defendant's policies and past practices and that Defendant breeched that contract by terminating her without just cause. Finally, Plaintiff contends Defendant deprived her of a property interest, her continued employment, by depriving her of due process when Defendant terminated her without providing an opportunity for Plaintiff to be heard prior to the termination.

Defendant now moves the Court to dismiss counts One and Three pursuant to Fed. R. Civ. P. 12(b)(6) claiming that Plaintiff has not stated a claim to relief that is plausible on its face.

---

[1] 29 U.S.C. § 2601, *et seq.*

Defendant contends Plaintiff's complaint relies primarily upon legal conclusions, which are not entitled to an assumption of truth by the Court. If the Court removes these legal conclusions, Defendant contends there are not enough remaining facts to make Plaintiff's claims plausible. In response, Plaintiff contends there are sufficient facts to support the claims in the pleadings.

## II. Legal Standards

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[2] "[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."[3] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[4]

In determining whether a claim is facially plausible, the Court must draw on its judicial experience and common sense.[5] All well pleaded facts in the complaint are assumed to be true and are viewed in the light most favorable to the plaintiff.[6] Allegations that merely state legal conclusions, however, need not be accepted as true.[7]

---

[2]*Ashcroft v. Iqbal*, - - - U.S. - - -, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twonbly*, 550 U.S. 544, 570 (2007)).

[3]*Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4]*Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003).

[5]*Iqbal*, 129 S.Ct. at 1950.

[6]*See Zinermon v. Burch*, 494 U.S. 113, 118 (1990); *Swanson v. Bixler*, 750 F.2d 810, 813 (10th Cir. 1984).

[7]*See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**IV. Analysis**

Plaintiff's Complaint has provided sufficient factual assertions to support her claims. Plaintiff's first claim is that her termination was not for the stated reason of theft, but rather in retaliation for her use of medical leave under the FMLA. When a defendant has offered a legitimate, non-retaliatory reason for terminating an employee, the Plaintiff in a retaliation case has the burden of pleading sufficient facts to show it is plausible the offered explanation was merely pretextual.[8] This is typically accomplished by showing either; (1) evidence the offered explanation for the termination is false, (2) evidence the termination contradicts with written company policy, or (3) evidence the employee was treated differently than other employees in similar situations.[9] Although temporal proximity alone is not evidence that the offered explanation for termination is pretextual, it can be added to other evidence to bolster its plausibility.[10]

Here, Plaintiff claims Defendant terminated her within a month of her returning from medical leave. The offered reason for her termination was theft. However, she claims Defendant did not conduct any investigation into the reason funds were missing and denied her the opportunity to conduct her own investigation or to respond to the accusation before she was terminated. Plaintiff also contends Defendant did not terminate other employees in similar situations where funds were missing.

Assuming these facts to be true, as we must at this stage, these actions by Defendant bring into question its actual motives. Typically, an employer will not fire an employee for theft without

---

[8]*Metzer v. Fed. Home Loan Bank*, 464 F.3d 1164, 1172 (10th Cir. 2006).

[9]*Kendrick v. Penske Transp. Servs.*, 220 F.3d 1220, 1230 (10th Cir. 2000).

[10]*Metzer,* 464 F.3d at 1172.

first conducting an investigation or interviewing the employee. Likewise, if a company fires one employee for theft, but not others, such action would give rise to the possibility that the theft is not the actual or only reason for the termination. Although this is not the only plausible explanation for disparate treatment of Plaintiff, when added to the lack of investigation and the brief time lapse between Plaintiff's return from medical leave and her termination, it is sufficient to establish the plausibility that the offered reason for termination was merely pretextual.

Plaintiff has also plead sufficient facts to state a claim for depravation of a property interest without due process of law. The Fourteenth Amendment requires government agencies to provide citizens with due process of law before depriving them of their recognized property interests.[11] Because Kansas is an at-will employment state, an employee only has a recognized property interest in their continued public employment when they are working under an express or implied contract.[12] A court will only find an implied-in-fact contract in situations where the parties have shown through their conversations, actions, conduct, relationship, and other circumstances a mutual understanding of the relationship as contractual.[13] Once a court determines an implied contract exists, it must determine if the governmental entity provided the employee with due process or the opportunity to tell their side prior to termination.[14]

Here, Plaintiff asserts the existence of an implied-in-fact contract with Defendant "arising from the rules, regulations and policies of Washburn, as well as Washburn's custom and practice of

---

[11] *Anglemyer v. Hamilton County Hosp.*, 58 F.3d 533, 536-37 (10th Cir. 1995).

[12] *Id.*

[13] *Brown v. United Methodist Homes for Aged*, 815 P.2d 72, 81 (Kan. 1991).

[14] *McClure v. Indep. Sch. Dist. No 16,* 228 F.3d 1205, 1211-12 (10th Cir. 2000).

not discharging employees without just cause."[15] Assuming the existence of this contract, Plaintiff had a property right in her continued employment, which would be entitled to the protections of due process.[16] Therefore, because Plaintiff has alleged to have been denied an opportunity to respond to the allegations of theft before her termination, she has successfully stated a claim for depravation of a property interest.

Viewing the facts as true and in the light most favorable to Plaintiff, the Court concludes that Plaintiff has stated a claim under both theories sufficient to withstand Defendant's Motion to Dismiss, and therefore, Defendant's Motion to Dismiss is denied.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss (Doc. 4) is hereby DENIED.

**IT IS SO ORDERED**.

Dated this 28th day of October, 2010.

*[signature: Eric F. Melgren]*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[15] Doc. 1, p.4. Because Defendant does not challenge Count Two of Plaintiff's Complaint, we do not reach the issue of whether plaintiff has sufficiently plead the existence of an implied contract.

[16] *See Anglemyer*, 58 F.3d at 536-37.